UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAVOUGUE A. MASON, | No. 2:14-cv-1041 MCE AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| M.L. MARTINEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are defendants' motions for partial summary judgment (ECF No. 22) and to strike plaintiff's surreply (ECF No. 28), and plaintiff's motion to compel (ECF No. 29).

I.      Procedural History

Plaintiff filed the complaint in this case on April 16, 2014. ECF No. 1. Upon screening, the complaint was found to state claims against defendants M. Martinez, V. Martinez, Major, Lozano, Matteson, and Kyte. ECF No. 8. The claims against defendants Lee, Runnels, and Good were dismissed and plaintiff was given the option to either proceed against defendants M. Martinez, V. Martinez, Major, Lozano, Matteson, and Kyte or amend the complaint to attempt to state claims for relief against defendants Lee, Runnels, and Good. Id. Plaintiff opted to proceed without amending the complaint. ECF No. 11. Defendants M. Martinez, V. Martinez, Major,

Lozano, Matteson, and Kyte answered the complaint (ECF No. 18) and prior to the close of discovery filed a motion for partial summary judgment based on plaintiff's alleged failure to exhaust his administrative remedies (ECF No. 22).  After defendants filed their motion for summary judgment and discovery closed, plaintiff filed a motion to compel discovery responses. ECF No. 29.  The court deemed the motion timely and ordered defendants to respond.  ECF No. 30.  Defendants later moved to modify the scheduling order to vacate the deadline for merit-based dispositive motions and re-set it for after disposition of their motion for partial summary judgment.   ECF No. 35.  The motion was granted and the deadline for merit-based dispositive motions was vacated.  ECF No. 36.

## II. Plaintiff's Allegations

Plaintiff alleges that on September 22, 2013, defendant M. Martinez used excessive force against him when she kicked him in the right ankle during a search and that defendant V. Martinez could have prevented the use of force but did nothing.  ECF No. 1 at 3-4.  Plaintiff further alleges that defendant Major placed him in administrative segregation and that defendants Major, Lozano, Matteson, and Kyte continued to retain him in administrative segregation in retaliation for filing an inmate appeal.  Id. at 4-5.

## III. Motion for Summary Judgment

Defendants move for partial summary judgment on the grounds that plaintiff did not exhaust his administrative remedies as to his claims against defendants V. Martinez, Major, Lozano, Matteson, and Kyte prior to filing the complaint.  ECF No. 22.  They do not challenge plaintiff's exhaustion of administrative remedies as to his claims against defendant M. Martinez. Id.  Plaintiff objects to the motion and argues that the appeals he filed were sufficient to constitute exhaustion of his administrative remedies.  ECF No. 23.

### A. Motion to Strike

After defendants filed their reply in support of their motion for summary judgment (ECF No. 26), plaintiff filed a "Reply to Defendant's Reply," or a surreply (ECF No. 27).  Defendants move to strike the surreply on the ground that it is unauthorized.  ECF No. 28.

Neither the Federal Rules of Civil Procedure nor the Local Rules contemplate the filing of

a surreply and the court did not request nor did plaintiff seek leave to file a surreply. The surreply does not contain any new information or arguments that would compel the court to authorize its filing and defendants' motion to strike will therefore be granted.

      B.      <u>Legal Standards for Summary Judgment</u>

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." <u>In re Oracle Corp. Sec. Litig.</u>, 627 F.3d 376, 387 (9th Cir. 2010) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." <u>Oracle Corp.</u>, 627 F.3d at 387 (citing <u>Celotex</u>, 477 U.S. at 325); <u>see also</u> Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u> at 323. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." <u>Id.</u>

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. <u>Matsushita Elec.</u>

1  Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  In attempting to establish the
2  existence of this factual dispute, the opposing party may not rely upon the allegations or denials
3  of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or
4  admissible discovery material, in support of its contention that the dispute exists.  See Fed. R.
5  Civ. P. 56(c).  The opposing party must demonstrate that the fact in contention is material, i.e., a
6  fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty
7  Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,
8  809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a
9  reasonable jury could return a verdict for the nonmoving party," Anderson, 447 U.S. at 248.

10  　　　　In the endeavor to establish the existence of a factual dispute, the opposing party need not
11  establish a material issue of fact conclusively in its favor.  It is sufficient that "'the claimed
12  factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the
13  truth at trial.'"  T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank of Ariz. V. Cities
14  Serv. Co., 391 U.S. 253, 288-89 (1968).  Thus, the "purpose of summary judgment is to pierce the
15  pleadings and to assess the proof in order to see whether there is a genuine need for trial."
16  Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

17  　　　　"In evaluating the evidence to determine whether there is a genuine issue of fact, [the
18  court] draw[s] all inferences supported by the evidence in favor of the non-moving party."  Walls
19  v. Central Costa Cnty. Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted).  It is
20  the opposing party's obligation to produce a factual predicate from which the inference may be
21  drawn.  See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to
22  demonstrate a genuine issue, the opposing party "must do more than simply show that there is
23  some metaphysical doubt as to the material facts."  Matsushita, 475 U.S. at 586 (citations
24  omitted).  "Where the record taken as a whole could not lead a rational trier of fact to find for the
25  non-moving party, there is no 'genuine issue for trial.'"  Id. at 587 (quoting First Nat'l Bank, 391
26  U.S. at 289).

27  　　　　On March 2, 2015, defendants served plaintiff with notice of the requirements for
28  opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  ECF No. 22-2.

1  See Klingele v. Eikenberry, 849 F.2d 409, 411 (9th Cir. 1988); Rand v. Rowland, 154 F.3d 952,
2  960 (9th Cir. 1998) (movant may provide notice) (en banc).

3        C.      Legal Standards for Exhaustion

4        Because plaintiff is a prisoner suing over the conditions of his confinement, his claims are
5  subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Under the PLRA,
6  "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or
7  any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until
8  such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Porter v.
9  Nussle, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners
10 seeking redress for prison circumstances or occurrences"). "The PLRA mandates that inmates
11 exhaust all available administrative remedies before filing 'any suit challenging prison
12 conditions,' including, but not limited to, suits under § 1983." Albino v. Baca, 747 F.3d 1162,
13 1171 (9th Cir. 2014) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).

14       For exhaustion to be "proper," a prisoner must comply with the prison's procedural rules,
15 including deadlines, as a precondition to bringing suit in federal court. Woodford, 548 U.S. at 90
16 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural
17 rules."). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of
18 proper exhaustion." Jones v. Bock, 549 U.S. 199, 219 (2007). However, if a prisoner fails to
19 comply with a procedural rule and prison officials ignore the defect and render a decision on the
20 merits at each step of the process, the prisoner is deemed to have exhausted his administrative
21 remedies. Reyes v. Smith, 810 F.3d 654, 658 (9th Cir. 2016).

22       D.      Discussion

23       The parties are in agreement that plaintiff exhausted two appeals, one regarding defendant
24 M. Martinez's alleged excessive use of force and one regarding his placement in administrative
25 segregation. Defendants' Statement of Undisputed Facts (DSUF) (ECF No. 22-1) at 2, ¶¶ 4-7;
26 Response to DSUF (ECF No. 23-1) at 2, ¶¶ 4-7. The parties also agree that the appeal that
27 addressed defendant M. Martinez's excessive use of force included claims regarding plaintiff's
28 placement in administrative segregation, but that these claims were not added until the final stage

1  of the appeal.  DSUF at 2, ¶ 6; Response to DSUF at 2, ¶ 6.  What is in dispute is whether the two

2  appeals are sufficient to constitute exhaustion of plaintiff's administrative remedies as to his

3  claims against defendants V. Martinez, Major, Lozano, Matteson, and Kyte.

4                  1.  <u>Defendants Major, Lozano, Matteson, and Kyte</u>

5        Defendants argue that plaintiff did not exhaust his administrative remedies as to his claims

6  against defendants Major, Lozano, Matteson, and Kyte because the two appeals he filed were

7  deficient.  ECF No. 22 at 5.  They claim that because the first appeal did not raise the issue until the

8  third level, it did not exhaust plaintiff's administrative remedies.  <u>Id.</u>  They further argue that because

9  the second appeal did not identify the defendants by name or describe their involvement, plaintiff did

10 not meet the specificity requirements of 15 C.C.R. § 3084.2(a)(3).[1]  <u>Id.</u>

11       Plaintiff does not dispute that his first appeal did not exhaust his administrative remedies with

12 respect to his claims that his placement in administrative segregation was retaliatory.  ECF No. 23 at

13 3-4; Response to DSUF at 2, ¶ 6.  Instead, he argues that his second appeal, which specifically

14 addressed his placement in administrative segregation, was sufficient to exhaust his administrative

15 remedies even though he did not specifically identify the defendants by name.  ECF No. 23 at 3-4.

16       Section 3084.2(a)(3) requires that an appeal "list all staff member(s) involved and shall

17 describe their involvement in the issue."  It further requires that staff members be identified by "the

18 staff member's last name, first initial, title or position, if known, and the dates of the staff member's

19 involvement in the issue."  <u>Id.</u>  If the inmate does not have the required information, he is to provide

20 "any other available information that would assist the appeals coordinator in making a reasonable

21 attempt to identify the staff member(s) in question."  <u>Id.</u>  A review of the appeal shows that plaintiff

22 did not identify any of the defendants by name.  ECF No. 22-1 at 27-30.  However, since defendants

23 filed their motion for summary judgment, the Ninth Circuit issued its opinion in <u>Reyes v. Smith</u>,

24 which held that a failure to comply with a procedural rule will not bar a finding of exhaustion if

25 prison officials ignored the procedural problem and rendered a decision on the merits at each stage of

26 the grievance process.  810 F.3d 654, 658 (9th Cir. 2016).

---

[1] Review of the first appeal shows that it did not name any of the defendants either.  ECF No. 22-1 at 14-17.

In Reyes, the Ninth Circuit found that even though the plaintiff's grievance was potentially procedurally flawed because it did not name the defendants, the plaintiff had still exhausted his administrative remedies because prison officials processed the grievance on the merits at each level despite any procedural issues. Id. at 656, 658. In this case, plaintiff's appeal regarding his retaliatory placement in administrative segregation progressed through the third and final level of appeal and was addressed on the merits at each stage of the appeals process. ECF No. 22-1 at 25-33. Therefore, plaintiff's failure to identify the defendants by name in the appeal does not warrant a finding that he failed to exhaust his administrative remedies as to his claims against defendants.

Defendants' argument that plaintiff failed to comply with procedural requirements because he did not describe defendants' involvement also fails. Plaintiff clearly alleged that the reasons for placing and keeping him in administrative segregation were pretextual and that the real reason for his placement was retaliation for filing a staff complaint. ECF No. 22-1 at 27-30. The defendants in Reyes, who were members of the Pain Management Committee that determined the plaintiff did not require narcotic pain medication, made a similar argument. 810 F.3d at 658. They argued that the appeal only related to the treating physician's determination that narcotic pain medication was unnecessary. Id. The Ninth Circuit rejected this argument, finding that

> [u]nder the PLRA, a grievance "suffices if it alerts the prison to the nature of the wrong for which redress is sought." Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) (quoting Griffin[ v. Arpaio], 557 F.3d [1117, 1120 (9th Cir. 2009)]). The grievance "need not include legal terminology or legal theories," because "[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin, 557 F.3d at 1120. The grievance process is only required to "alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." Jones, 549 U.S. at 219, 127 S.Ct. 910 (citations omitted).

Id. at 659.

Plaintiff's appeal clearly put prison officials on notice as to the nature of his grievance: that he had been placed and retained in administrative segregation in retaliation for filing a staff complaint. ECF No. 22-1 at 27-30. Moreover, the appeal packet contains documentation of the decisions to place and retain plaintiff in administrative segregation that shows who was involved in the process.

7

1  Id. at 34-38.  These decisions were referenced by both the second and third level responses.  Id. at 25-
2  26, 31-33.  This was sufficient to put prison officials on notice of the alleged deprivation and give
3  them an opportunity to resolve the issue.
4      For the reasons set forth above, the court finds that plaintiff exhausted his administrative as to
5  his claims against defendants Major, Lozano, Matteson, and Kyte and recommends denying the
6  motion for summary judgment as to the claims against these defendants.
7              2.  Defendant V. Martinez
8      Defendants argue that plaintiff did not file any appeals regarding defendant V. Martinez's
9  alleged failure to prevent or stop defendant M. Martinez's excessive use of force against plaintiff.
10  ECF No. 22 at 5; DSUF at 3, ¶¶ 12-13.  Plaintiff does not claim to have filed a separate appeal
11  regarding defendant V. Martinez's failure to act, but instead asserts that his claims against defendant
12  V. Martinez were contained in appeal number CSP-S-13-02240 regarding defendant M. Martinez's
13  excessive use of force.  ECF No. 23 at 4; Response to DSUF at 3, ¶¶ 12-13.  Specifically, plaintiff
14  alleges that defendant V. Martinez was identified as "Martinez (6 BLDG)" and that he claimed that
15  she was a witness to the incident and should file a report.  Id.
16      Review of appeal number CSP-S-13-02240 does show that plaintiff identified a second
17  Officer Martinez as "C/O Martinez (6 BLDG)."  ECF No. 22-1 at 14-17.  However, plaintiff's
18  only claim is that "C/O Martinez (6 BLDG) is a witness to this incident and should file a report
19  per Title 15, 3268.1(a)(1)."  Id. at 16.  This is insufficient to constitute exhaustion of
20  administrative remedies as to plaintiff's claims against defendant V. Martinez.  "A grievance
21  suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the
22  prisoner seeks redress."  Sapp, 623 F.3d at 824.  At most, the allegations against defendant V.
23  Martinez would alert the prison that she was a witness to the event.  There is no indication in the
24  appeal that defendant V. Martinez knew that defendant M. Martinez was planning to kick plaintiff
25  or otherwise had an opportunity to prevent or stop the excessive use of force, especially given the
26  apparently spontaneous and brief nature of the force alleged.
27      Plaintiff's argument that V. Martinez's failure to file a report shows deliberate
28  indifference and therefore exhausts his remedies is unpersuasive.  The failure to report a use of

force that has already occurred is a very different allegation than the failure to prevent or stop a use of force that has not yet happened or is in progress. The allegation that an officer witnessed a use of force, without more, would not provide adequate notice of a failure to intervene. Moreover, even if defendant V. Martinez did fail to file a report regarding what she witnessed, that is not sufficient to state a claim for violation of plaintiff's Eighth Amendment rights and the court did not recognize a claim based on that allegation when it screened the complaint. ECF No. 8. An officer is not liable under the Eighth Amendment unless she "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Failing to file a report regarding a use of force that has already taken place, without more, does not constitute a disregard for an excessive risk to inmate health or safety.

Because the appeal did not provide adequate notice of plaintiff's claim that defendant V. Martinez failed to intervene to prevent or stop the use of force, it is not sufficient to exhaust his administrative remedies as to that claim. Defendants' motion for summary judgment as to the claims against defendant V. Martinez should therefore be granted.

IV.     Motion to Compel

In light of the recommendation that the claims against defendant V. Martinez be dismissed, the motion to compel as it relates to requests to defendant V. Martinez is denied.

With respect to the portion of the motion to compel that seeks to compel further responses to the requests for admissions served on February 2, 2015, plaintiff argues that defendants refused to answer the requests for admissions and instead objected to all of the requests as improper because they were not directed to individual defendants. Id. He further argues that even after he clarified for counsel who each request for admission was directed to, he failed to receive a response. Id.

Defendants argue that because plaintiff's February 2, 2015 request for admissions were not directed at any particular defendant, their objections were appropriate. ECF No. 32 at 4-5. Specifically, defendants objected as follows:

9

> Defendants object to the requests for admission as improper under the Federal Rules of Civil Procedure because they were not served on, or directed to, an individual party. (FED. R. CIV. P. 36(a)(1).) Defendants are unable to respond to the requests as a group and thus decline to respond to the requests until they are directed to one Defendant and re-served.

ECF No. 29 at 15-22; ECF No. 32 at 4. The court does not find defendants' objections to be well taken.

Plaintiff's requests for admissions could have easily been treated as identical requests to each defendant and the language of Rule 36(a)(1) "hardly suggests that discovery directed to [all] defendants (represented by the same counsel) is defective." See Calloway v. Veal, 571 F. App'x 626, 628 (9th Cir. 2014) (rejecting similar argument that discovery must be served on each defendant individually based on language in Fed. R. Civ. P. 33(a)(1) that a party may serve discovery on "any other party"). Defendants are reminded that they have an "obligation to refrain from engaging in obstruction of [plaintiff's] reasonable discovery requests, particularly in light of the obvious disadvantages he faces in prosecuting this case." Id. (citing Wanderer v. Johnston, 910 F.2d 652, 653 (9th Cir. 1990)).

Defendants further argue that during plaintiff's deposition on March 23, 2015, counsel obtained clarification from plaintiff as to who each request was intended to be directed to and then supplied supplemental responses which were served on April 21, 2015, and April 30, 2015.[2] ECF No. 32 at 4-5. However, defendants do not provide copies of their supplemental responses and even though plaintiff appears to reference them in his reply, they do not appear on the docket. The court is therefore unable to determine the sufficiency of the supplemental responses and defendants will be required to file copies of their supplemental responses with the court.

Because plaintiff's reply and the April 29, 2015[3] letter he sent to counsel indicate that

---

[2] The court notes that while counsel claims that she discussed the requests for admissions with plaintiff in a good faith effort to comply with the rules of court, she waited forty-one days from her receipt of plaintiff's requests before having this discussion and offers no explanation for the delay. ECF No. 32 at 4. As plaintiff points out, it is unclear why counsel could not have sent a letter to plaintiff or scheduled a brief legal call to obtain clarification.

[3] Although the top of the letter is dated March 29, 2015, plaintiff dated it April 29, 2015 when he signed the letter. ECF No. 31 at 3-4. Given that the letter refers to the supplemental responses which were not sent until April 21, 2015 and April 30, 2015,

10

disputes remain for only a few requests (ECF No. 31 at 4; ECF No. 33 at 4-5) defendants shall only be required to provide the following responses:[4]

    1. All defendants' (not including defendant V. Martinez) supplemental responses to Admission Request No. 3;

    2. Defendants Kyte and M. Martinez's supplemental responses to Admissions Request No. 8;

    3. Defendant Major's supplemental responses to Admissions Requests Nos. 6 and 11.

The court will rule on the remainder of the motion to compel once it has been provided a copy of defendants' supplemental responses to the February 2, 2015 requests for admissions, as set forth above.

V.    <u>Summary</u>

Defendants' motion to strike plaintiff's surreply is granted because plaintiff was not allowed to respond to defendants' reply without obtaining permission of the court.

It is recommended that defendants' motion for summary judgment be granted as to defendant V. Martinez because even though plaintiff named defendant V. Martinez in his appeal, his claims against her were not enough to alert prison officials that she could have prevented or stopped the alleged assault by defendant M. Martinez and did not.

It is recommended that defendants' motion for summary judgment be denied as to the claims against defendants Major, Lozano, Matteson, and Kyte because plaintiff's appeal was processed even though he did not identify the officers by name and his allegations were enough to let prison officials know that he believed he was placed and kept in administrative segregation in retaliation for filing a staff complaint.

The motion to compel as to defendant V. Martinez is denied because the undersigned is recommending that the claims against defendant V. Martinez be dismissed. The court will rule on

---

[4] Plaintiff's letter to defendants' counsel also states that defendant M. Martinez's did not provide a response to Admissions Request No. 13. ECF No. 31 at 4. However, the letter was written prior to the second set of supplemental responses being served and plaintiff does not identify any dispute as to this request in his reply, which was filed about a month later. The court therefore assumes that plaintiff was satisfied by the response he received in the second set of supplemental responses.

1  the rest of the motion to compel once defendants file copies of their supplemental responses to
2  plaintiff's requests for admissions.
3        IT IS HEREBY ORDERED that:
4        1. Defendants' motion to strike (ECF No. 28) is granted and the Clerk of the Court is
5  directed to strike plaintiff's surreply (ECF No. 27).
6        2. Plaintiff's motion to compel (ECF No. 29) as to defendant V. Martinez is denied.  The
7  remainder of the motion to compel remains pending.
8        3. Defendants shall have until March 11, 2016, to file copies of their supplemental
9  responses to plaintiff's February 2, 2015 request for admissions as follows:
10         a. All defendants' (not including V. Martinez) supplemental responses to
11 Admission Request No. 3;
12         b. Defendants Kyte and M. Martinez's supplemental responses to Admissions
13 Request No. 8;
14         c. Defendant Major's supplemental responses to Admissions Requests Nos. 6 and
15 11.
16       IT IS FURTHER RECOMMENDED that:
17       1. Defendants' motion for partial summary judgment (ECF No. 22) be granted in part and
18 denied in part as follows:
19         a. Granted as to defendant V. Martinez and the claims against defendant V.
20 Martinez be dismissed without prejudice for failure to exhaust.
21         b. Denied as to defendants Major, Lozano, Matteson, and Kyte.
22       2. The case proceed on the claims against defendants M. Martinez, Major, Lozano,
23 Matteson, and Kyte.
24       These findings and recommendations are submitted to the United States District Judge
25 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
26 after being served with these findings and recommendations, any party may file written
27 objections with the court and serve a copy on all parties.  Such a document should be captioned
28 "Objections to Magistrate Judge's Findings and Recommendations."  **Due to exigencies in the**

1  **court's calendar, no extensions of time will be granted.**[5]  The parties are advised that failure to
2  file objections within the specified time may waive the right to appeal the District Court's order.
3  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: March 9, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff is informed that in order to obtain the district judge's independent review and preserve issues for appeal, he need only identify the findings and recommendations to which he objects. There is no need to reproduce his arguments on the issues.