1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SHAVOUGUE A. MASON,                          No.  2:14-cv-1041 MCE AC P

12                   Plaintiff,

13          v.                                      ORDER

14    M.L. MARTINEZ, et al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18    U.S.C. § 1983.  Currently before the court is plaintiff's motion to compel.  ECF No. 29.

19          I.       Procedural History

20          The deadline for filing discovery motions was April 10, 2015.  ECF No. 19.  Plaintiff did

21    not file his motion to compel discovery until April 22, 2015.[1]  ECF No. 29.  However, the court

22    deemed the motion timely and required defendants to respond.  ECF No. 30.  On March 9, 2016,

23    the court denied the motion as to defendant V. Martinez and ordered the remaining defendants to

24    provide copies of their supplemental responses to plaintiff's requests for admissions as specified

25    in the order.  ECF No. 42 at 12.  Defendants have provided their supplemental responses (ECF

26

27    _____
      [1]  Since plaintiff is proceeding pro se, he is afforded the benefit of the prison mailbox rule.  See
      Houston v. Lack, 487 U.S. 266, 276 (1988).

28

1

1  Nos. 43, 45) and the motion is ready for disposition.

2      II.       Plaintiff's Allegations

3        Plaintiff alleges that on September 22, 2013, defendant M. Martinez used excessive force

4  against him when she kicked him in the right ankle during a search.  ECF No. 1 at 3-4.  Plaintiff

5  further alleges that defendant Major placed him in administrative segregation and that defendants

6  Major, Lozano, Matteson, and Kyte continued to retain him in administrative segregation in

7  retaliation for filing an inmate appeal.  Id. at 4-5.

8      III.     Motion to Compel

9          A.      Standards Governing Discovery

10        The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad.

11  Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or

12  defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "Information within

13  this scope of discovery need not be admissible in evidence to be discoverable."  Id.  The court,

14  however, may limit discovery if it is "unreasonably cumulative or duplicative," or can be

15  obtained from another source "that is more convenient, less burdensome, or less expensive;" or if

16  the party who seeks discovery "has had ample opportunity to obtain the information by

17  discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed.

18  R. Civ. P. 26(b)(2)(C).  The purpose of discovery is to make trial "less a game of blind man's

19  bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable

20  extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958), and to narrow and

21  clarify the issues in dispute, Hickman v. Taylor, 329 U.S. 495, 501 (1947).

22        Where a party fails to answer an interrogatory submitted under Rule 33, or fails to

23  produce documents requested under Rule 34, the party seeking discovery may move for

24  compelled disclosure.  Fed. R. Civ. P. 37.  The party seeking to compel discovery has the burden

25  of showing that the discovery sought is relevant.  Aros v. Fansler, 548 F. App'x 500, 201 (9th Cir.

26  2013).  The opposing party is "required to carry a heavy burden of showing" why discovery

27  should be denied.  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

28  ////

2

1      B.      First Motion to Compel

2          In his first motion to compel, plaintiff seeks to compel answers to interrogatories served

3  on April 5, 2015; further responses to requests for admissions served on February 2, 2015; further

4  responses to a first request for production served on an unspecified date; and responses to a

5  second request for production served on April 14, 2015.  ECF No. 29; ECF No. 32 at 3-5.

6          Defendants argue that the motion to compel should be denied because it was filed after the

7  close of discovery.  ECF No. 32 at 2-3.  They further argue that the motion should be denied as to

8  the April 5, 2015 interrogatories and April 14, 2015 request for production because those requests

9  were untimely and as to the requests for admissions and the first request for production because

10  they have already provided appropriate and sufficient objections or responses.  Id. at 3-11.

11              1.  Timeliness of the Motion

12         Defendants argue that plaintiff's motion to compel should be denied as untimely.  ECF

13  No. 32 at 2-3.  This argument is rejected.  In ordering defendants to respond to the motion, the

14  court specifically considered that the motion had been filed after the April 10, 2015 close of

15  discovery and, in its discretion, deemed the motion timely filed.  ECF No. 30.

16              2.  April 5, 2015 Interrogatories and April 14, 2015 Requests for Production

17         On December 19, 2014, this court filed a discovery and scheduling order which set the

18  deadline for discovery and any motions necessary to compel discovery for April 10, 2015.  ECF

19  No. 19 at 5.  The scheduling order further specified that requests for discovery pursuant to

20  Federal Rules of Civil Procedure 31 (deposition by written question), 33 (interrogatories), 34

21  (production), and 36 (admissions) had to be served at least sixty days prior to April 10, 2015.  Id.

22  This means that the deadline for serving timely discovery requests was February 9, 2015.

23         Plaintiff seeks to compel responses to interrogatories that were not served until April 5,

24  2015 (ECF No. 29 at 1-2, 9-13), and a second request for production which was not served until

25  April 14, 2015 (id. at 3; ECF No. 32 at 5; ECF No. 33 at 5).  Defendants argue that the April 5,

26  2015 interrogatories and April 14, 2015 requests for production were untimely, that they notified

27  ////

28  ////

3

1  plaintiff that they were untimely,[2] and they should therefore not be required to respond.  ECF No.

2  32 at 3, 5.  In reply, plaintiff argues that defendants should be required to respond to the requests

3  because (1) the court deemed them timely; (2) the scheduling order provided that the parties had

4  until July 15, 2015, to file all pretrial motions except motions to compel; (3) prisoners are entitled

5  to leniency especially in light of the "code of silence;" and (4) the second request for production

6  was late because defendants did not send all of their in-service training records or duty

7  statements.  ECF No. 33 at 3-5.

8         Contrary to plaintiff's argument, while the court deemed plaintiff's motion to compel

9  timely, that determination did not extend to the underlying requests for discovery.  Defendants are

10  therefore correct that the April 5, 2015 interrogatories and April 14, 2015 requests for production

11  were untimely.  Plaintiff's general assertion that he is entitled to special consideration because he

12  is an inmate proceeding pro se is also unpersuasive given his failure to explain why he did not

13  submit his discovery requests within the time provided or request additional time to seek

14  discovery.  Although plaintiff does state that his second request for production was delayed

15  because defendants did not provide certain documents, since neither party has produced a copy of

16  the second set of requests, the court is unable to determine whether it was dependent upon the

17  responses to the first set as plaintiff appears to argue.[3]  There is some evidence that the second set

18  of requests was for defendants' duty statements.  ECF No. 29 at 4.  If that is the case, to the extent

19  those documents would not already be encompassed by the documents requested in the first set of

20  requests, it is not clear why plaintiff was unable to request these documents until he received a

21

22  ————————————
   [2]  Defendants' response indicates that copies of the letters objecting to the requests have been attached as Exhibits 1 and 3 (ECF No. 32 at 3, 5), but the only exhibit filed with the response was

23  the declaration of counsel (ECF No. 32-1), which is identified as Exhibit 2 (ECF No. 32 at 4). While a copy of the first letter appears to have been attached to plaintiff's motion to compel (ECF

24  No. 29 at 7), the court has been unable to identify a copy of the second letter among any of the attachments to the various filings related to the motion to compel.  However, a copy of the letter

25  is not required for the court to rule on the motion.

26  [3]  There is some indication that the second set of requests may have been seeking documents requested in the first set of requests that were not produced.  ECF No. 29 at 4; ECF No. 33 at 5.

27  To the extent that is the case, a motion to compel, rather than a second, duplicative request, would be the proper method for obtaining the documents.

28

response to his first set of requests.  However, even if the second set of requests was dependent upon the responses to the first, plaintiff does not explain why he waited so long to submit his first set of requests if he knew he would need to see the responses before submitting the second set. He also fails to explain why he did not seek an extension of time to seek discovery.

The April 5, 2015 interrogatories and April 14, 2015 requests for production were untimely and plaintiff has not established sufficient grounds to excuse their untimeliness and re-open discovery.  The motion to compel as to these requests will therefore be denied.

3. February 2, 2015 Requests for Admissions

In his motion to compel, plaintiff seeks to compel further responses to requests for admissions that he served on February 2, 2015.  ECF No. 29 at 2-3.  The court has already found defendants' initial objections to be inappropriate and ordered defendants to provide copies of their supplemental responses, which were served on plaintiff after he filed his motion to compel.  ECF No. 42 at 9-11.  Because plaintiff's reply, which was filed after he received defendants' supplemental responses, indicates that the supplemental responses were satisfactory except as to a few requests, the court will consider only the remaining disputes and deny the motion to compel as moot as to the rest.

> **Request for Admission No. 3:** Admit that the kicking of an inmates legs or ankles to spread them wider is not the policy nor the procedure of CDCR Correctional Officers, nor are they trained to do so, and that it is assault and battery to kick any person in this manner.

> **Defendant M. Martinez' Response:** Defendant objects as the request is compound, vague as to what is meant by "kicking" and calls for a legal opinion.  Without waiving these objections Defendants [sic] admits that a correctional officer may not wantonly apply force.

ECF No. 45 at 3.

Although plaintiff's motion to compel (ECF No. 29 at 2), reply (ECF No. 33 at 5), and letter to defendants' counsel (ECF No. 31 at 4) all indicate that Request for Admission No. 3 was directed at all defendants, only defendant M. Martinez' supplemental responses contain a response to this request.  ECF No. 45 at 3.  It appears that upon providing clarification, plaintiff only requested a response from M. Martinez or there was a misunderstanding between counsel

1    and plaintiff.  However, given the nature of the request and defendant M. Martinez' response, the

2    court assumes that any response by defendants Kyte, Lozano, Matteson, and Major would be

3    identical.

4         Defendant's objections to the request are well taken.  The request is compound, as it seeks

5    admission of three distinct matters, which is inappropriate under the rule.  Fed. R. Civ. P.

6    36(a)(2).  Furthermore, while the word "kicking" may not appear vague on first impression, in the

7    context of the request, the court can see that there may be some ambiguity.  While the basic

8    motion described by the word "kicking" is not sufficiently specific, it is easy to see how the

9    response to the request could differ depending upon the amount of force used.  For example, a

10   light kick that could also be classified as a tap or nudge could be perfectly acceptable and within

11   policy, while it is hard to imagine a scenario where a kick made with enough force to cause injury

12   would be acceptable.  Finally, the portion regarding "assault and battery" seeks a legal opinion

13   and objection on that ground is appropriate, especially given the lack of facts that would be

14   necessary to form an opinion.  Defendant's response that she "admits that a correctional officer

15   may not wantonly apply force" is sufficient and no further response will be required.

16             **Request for Admission No. 6:** Admit that Lieutenant E. Major
                placed me in Ad-seg under false charges in Plaintiff's initial 114-D
17             (Lock-Up Order).

18             **Defendant Major's response:** Defendant objects to the request as
                it assumes as true facts that are in dispute, specifically that Plaintiff
19             was placed in administrative segregation based on false charges,
                and that Defendant was aware that the placement was based on
20             false charges.  Without waiving these objections, Defendant admits
                that Plaintiff was placed in Administrative Segregation but denies
21             the remaining assertions.

22   ECF No. 43 at 8.

23        Plaintiff seeks a further response from defendant Major on the ground that his response is

24   "evasive and less than truthful."  ECF No. 33 at 4.  However, while defendant Major did object to

25   the request, he also provided a response.  The request seeks an admission that defendant Major

26   placed plaintiff in administrative segregation on false charges.  This is a major disputed factual

27   issue in this case and it is unsurprising that defendant Major would deny that the charges were

28   false.  Without more, plaintiff's dissatisfaction with the response and belief that defendant Major

is lying are not grounds for requiring defendant Major to admit the statement or provide a further response. To the extent plaintiff's letter to defendants' counsel indicates that the request was also for defendant Major's opinion (ECF No. 31 at 4), that is an improper request for an admission and defendant Major will not be required to respond further.

> **Request for Admission No. 8:** Admit that Plaintiff was held in Ad-Seg on 10/02/2013, under the false charges of "jeopardize the Integrity of an Investigation", and that Officer M.L. Martinez was still performing her duties as she did while Plaintiff was on the same yard, before his Ad-seg placement, and that Plaintiff and Officer M.L. Martinez from conducting her job duties the 3-days before Plaintiff's Ad-Seg placement. [sic]

> **Defendant Kyte's response:** Defendant objects as the request is compound, assumes as true facts that are in dispute, specifically that Plaintiff was placed in administrative segregation based on false charges, and is vague as to time. Defendant further objects that the end of the request is incomprehensible. Without waiving these objections Defendant admits that Plaintiff was held in Administrative Segregation on October 2, 2013, but denies the remaining assertions.

ECF No. 43 at 13.

It does not appear that defendant M. Martinez submitted a separate response to Request for Admission No. 8. ECF No. 45. However, in a letter dated May 27, 2015, defense counsel included a supplemental response from defendants M. Martinez and Kyte in response to plaintiff's clarification of the request. ECF No. 43 at 23.

> **Supplemental Request for Admission No. 8:** [A]dmit that officer M.L. Martinez was still performing her duties on Facility A, CSP-Solano on 9-22-13 to 9-25-13, without any attempts of plaintiff to manipulate or stop her in the performance of her duties, as is stated in the 128-B authorized by M.L. Martinez.

> **Defendants Kyte and M.L. Martinez' response:** Defendants maintain their objections to this request and further object that the request as clarified calls for speculation as Defendants are not aware of what Plaintiff was attempting. Without waiving these objections, Defendant M. Martinez admits that she worked on Facility A at CSP-Solano at least one day from September 22, 2013 to September 25, 2013 but does not recall whether she worked each of those days. Defendants, however, cannot admit or deny the remaining allegations because they are unaware whether Plaintiff attempted to manipulate Defendant Martinez or stop her from performing her job duties.

ECF No. 43 at 23.

7

Defendants' objections to the original request are appropriate.  The request is compound as it seeks admission of three or more distinct matters depending upon how it is broken down.  The request also fails to specify the time period for which it seeks an admission that defendant M. Martinez was conducting her duties and the last portion of the request appears to be incomplete.

Defendants have admitted portions of the request while denying others, and as with Request for Admission No. 6, plaintiff's dissatisfaction with defendants' denial of certain matters does not warrant granting his motion to compel.  As for the portion of the clarified request that defendants stated they were unable to admit or deny, this response is also sufficient.  The 128-B authored by defendant M. Martinez stated that she believed that plaintiff would attempt to manipulate her, not that she had experienced attempts by him to manipulate her or stop her from performing her duties.  ECF No. 1 at 18.  The response that defendants cannot answer because they are unaware of what plaintiff may have been trying to do without their knowledge is not inconsistent with defendant M. Martinez' statement of what she believed plaintiff would do if given the chance.  Defendants' responses to Request for Admission No. 8 are sufficient and no further response will be required.

> **Request for Admission No. 11:** Admit that Plaintiff had asked CCI McVey to do a bi-annual review at the 11-13-13 classification committee and she'd said "she would", but was not allowed to by CCII (A) E. Major, and CDW (A) J. Lozano.
>
> **Defendant Major's response:** Defendant objects to the admission as it calls for speculation, hearsay and is compound.  Without waiving these objections Defendant denies the request as he has no personal recollection of CCI McVey or anyone else asking to do a bi-annual review at the November 13, 2013 classification committee.  CCI McVey was assigned as Plaintiff's staff assistant and met with him before the committee hearing began to explain the recommendations and make sure he understood the proceeding.  Staff assistants do not make requests of the committee.

ECF No. 43 at 9-10.

Defendant Major's objections and response are proper.  The request is compound, defendant Major would be required to speculate regarding any conversations between plaintiff and CCI McVey that he was not present for, and he has responded that he does not recall any such request being made in his presence.  The response identified by plaintiff in his letter to

1   counsel does not establish that defendant Major is being untruthful in his response (ECF No. 21 at

2   29) and no further response will be required.

3                    4.   First Request for Production (Date of Service Unspecified)

4           Plaintiff seeks to compel responses to Requests for Production Nos. 1-9 from his first set

5   of requests.  ECF No. 29 at 3-4.  Defendants oppose the motion on the ground that responsive

6   documents do not exist or have already been produced.

7                    **Request for Production No. 1:** Any and all documents that refer or
                     relate to policies, procedures, and practices in effect in September
8                    2013 for CSP-Solano custody staff regarding the filing,
                     investigation, and administrative segregation placement of any
9                    inmates filing staff complaint against Officer M.L. Martinez.  This
                     request includes but is not limited to all policies, procedures, or
10                   practices generated by the CDCR as well as policies, procedures or
                     practices specific to CSP-Solano.
11
                     **Response:** Defendants have not been able to locate any documents
12                   responsive to the request.

13   ECF No. 29 at 24-25.

14          In his motion to compel, plaintiff asserted that defendants had yet to provide any

15   documents in response to this request.  Id. at 3.  Defendants responded that plaintiff's motion

16   clarified that the request included policies and procedures applying to any CDCR employee, and

17   they produced various portions of the Department Operations Manual and Title 15 of the

18   California Code of Regulations on April 30, 2015, after the motion was filed.  ECF No. 32 at 6.

19   Plaintiff replies that the policies produced would not cause an inmate to be placed in

20   administrative segregation for filing a staff complaint and that the procedures outlined in the

21   policies were not followed.  ECF No. 33 at 6-7.

22          It is troubling that defendants did not produce any documents to plaintiff until he filed his

23   motion to compel and "clarified" that the request included policies and procedures applying to

24   any CDCR employee.  Clearly, a policy or procedure that applied to all CDCR employees would

25   have applied to defendant M. Martinez and been responsive.  Defendants' apparent reading of the

26   request to apply only to policies and procedures written specifically about defendant M. Martinez

27   is simply unreasonable.  However, given that defendants appear to have produced the responsive

28   documents and plaintiff has received them, no further response will be required.  Plaintiff's claim

9

that the policies produced do not address what actually happened, and that defendants did not follow the policies provided, does not mean that further policies exist.  Given the nature of plaintiff's complaint, that he was placed in administrative segregation on false charges and in retaliation for filing a staff complaint, or essentially outside of policy, it is unsurprising that there is not a policy or procedure setting forth the steps that plaintiff alleges were taken.  To the extent plaintiff may be attempting to allege that there is an unwritten policy of placing inmates in administrative segregation in retaliation for filing staff complaints, defendants cannot produce a document that does not exist.  No further response will be required.

**Request for Production No. 2** sought production of any equipment logs used for checking out video equipment, that were signed by defendants M. Martinez and Major and non-defendant Muhammed on September 24, 2013.  ECF No. 29 at 25.  Defendants assert that Facility B does not use equipment or use logs for video cameras and so there are no logs to produce.  ECF No. 32 at 6.  In light of the representation that the requested documents do not exist, the court cannot compel a further response from defendants.

**Request for Production No. 3** sought production of the incident/use of force packet generated as a result of the alleged use of force by defendant M. Martinez against plaintiff.  ECF No. 29 at 25.  Defendants state that "there was no incident package regarding the incident at issue" or other documents responsive to the request.  Id.  The response seems to indicate that an incident package was not created, rather than that an incident package was created and no longer exists, which is to be expected given that defendant Martinez appears to deny that there was a use of force (ECF No. 18 at 2, ¶ 4).  In either event, the court cannot compel production of something that does not exist.  However, defendants will be required to supplement their response to clarify whether an incident package was ever created.

**Request for Production No. 4** is for any video taken between September 22 and 25, 2013 regarding plaintiff's alleged assault, and specifically for an interview videotaped on September 24, 2013.  ECF No. 29 at 25.  Defendants responded that they were in the process of determining whether there was a recording of plaintiff's interview and that it would be produced if identified.  Id. at 26.  In a subsequent letter to plaintiff and in their response to the motion to compel,

1    defendants state that after a reasonable inquiry, no responsive video exists.  ECF No. 32 at 7; ECF

2    No. 43 at 24.  However, in light of plaintiff's statements that his interview was recorded, which

3    he would have personal knowledge of, and defendants' silence on the matter, the court assumes

4    that a recording of plaintiff's interview did at one time exist.  Defendants will therefore be

5    required to supplement their response to this request to detail the efforts to locate the requested

6    video and, if available, to provide an explanation as to why the video no longer exists (i.e. it has

7    been destroyed pursuant to an applicable retention schedule) and when it ceased to exist.

8         **Requests for Production Nos. 5-8** sought production of various training records from

9    each of the defendants.  ECF No. 29 at 26-27.  Defendants objected to the requests on various

10   grounds, but nonetheless stated that they would provide training documents with their personal

11   information redacted.  Id.  This response was served on February 12, 2015.  Id. at 30.

12        In their response to the motion to compel, defendants argue that further production should

13   not be ordered because they served plaintiff with copies of training records for defendants

14   Matteson, M. Martinez, Kyte, and non-defendant Lee on April 30, 2015, and records for

15   defendants V. Martinez and Major on May 21, 2015.  ECF No. 32 at 9.  They stated that records

16   for defendant Lozano would be sent as soon as they were obtained.  Id. at 10.  Plaintiff's reply

17   confirms that he received the records for Matteson, M. Martinez, Kyte, Lee, V. Martinez, and

18   Major (ECF No. 33 at 11), and his reply in support of his supplemental motion to compel

19   includes a letter that indicates defendant Lozano's training records were mailed to him on June

20   23, 2015 (ECF No. 41 at 14).  He argues that defendants have yet to send him copies of their

21   signed duty statements.  ECF No. 33 at 11.

22        Since it appears that defendants have provided plaintiff with the requested documents,

23   they will not be required to produce anything further in response to these requests.  Although

24   plaintiff alleges that he has not received defendants' signed duty statements, he requested training

25   records, which are not the same.  Defendants will not be required to produce their duty

26   statements.  However, while the court will not require further production, it is concerning that

27   defendants did not begin sending plaintiff the requested records until approximately two and a

28   half months after they submitted their original response to the request with the final response

1  being sent over four months after the initial response.  Defendants have offered no explanation for

2  this delay.  Responding that documents will be provided at a later date does not give a party leave

3  to produce the documents whenever they want or to unnecessarily delay their production.

4  > **Request for Production No. 9:** Any and all documents relating to
5  > allegations of excessive use of force by an [sic] CSP-Solano staff in
6  > clothed body searches, cell searches, or any interactions by
   > defendant M.L. Martinez with any inmate at CSP-Solano.

7  > **Defendants response:** Defendants object to this request on the
8  > ground that it is compound and incomprehensible as it is unclear
   > whether the request is as to any CSP-Solano staff or is limited to
9  > Defendant M.L. Martinez.  The request is also overly broad as to
   > scope and time as it could refer to any interaction between
10 > Defendant M.L. Martinez and any inmate throughout her
   > employment at CSP-Solano.  Defendants also object to the request
11 > as not reasonable [sic] calculated to lead to the discovery of
   > admissible evidence.  Further, identifying responsive documents
12 > would be unduly burdensome as inmate appeals and staff
   > complaints are filed by the inmate name, not the staff member who
13 > is the subject of the action, thus every appeal and staff complaint
   > filed while Defendant M.L. Martinez has worked at CSP-Solano
14 > would have to be reviewed to determine whether the documents is
   > [sic] responsive.  Finally, if there are responsive documents, they
15 > would contain confidential information regarding third party
   > inmates which can not [sic] be provided to Plaintiff, as revealing
16 > such information to Plaintiff could jeopardize the safety and
   > security of the institution.  Accordingly, Defendants object to this
   > request to the extent it seeks documents protected from discovery
17 > by privacy protections, the official information privilege, or any
   > other applicable privilege or immunity.

18  In his motion to compel, plaintiff argued that every staff complaint goes into an officer's

19  employee file and that he would limit the time period to five years from September 22, 2013.

20  ECF No. 29 at 4.  Defendants responded that documents in defendant M. Martinez' personnel file

21  are privileged under the official information privilege and that there are no responsive documents

22  in her file.  ECF No. 32 at 11.

23      Defendants' objection as to overbreadth is appropriate to the extent plaintiff's request

24  could be interpreted to seek allegations of use of force against any officer at CSP-Solano against

25  any inmate.  It is also overbroad to the extent it covers any interaction between defendant M.

26  Martinez and any inmate.  It should be limited to allegations of excessive use of force against

27  defendant M. Martinez.  The request is also overly burdensome in requiring the review of

28  individual inmate appeals to locate complaints about defendant M. Martinez.  However, if

1    plaintiff is correct that staff complaints are kept in officer's personnel files, then the objection on

2    the grounds of undue burden, as the request applies to staff complaints for excessive use of force

3    against defendant M. Martinez, is without merit.  Defendants have not addressed whether

4    plaintiff's allegation that these complaints are kept in officer personnel files is true.  Instead, they

5    assert that documents in defendant M. Martinez' personnel file are privileged under the official

6    information privilege[4] and assert that there are no responsive documents therein.  While it is not

7    clear that defendant's objections are well-founded as to this portion of the request, because

8    defendants have stated that there are no responsive documents in defendant M. Martinez'

9    personnel file, there are no documents to compel and no further response will be required.

10            C.       Supplemental Motion to Compel

11           On October 5, 2015, plaintiff filed a supplemental motion to compel, which he states he

12   originally submitted to the court on July 20, 2015.  ECF Nos. 39, 41 at 2.  Upon review, the

13   supplemental motion appears to actually constitute a request for additional discovery.  ECF No.

14   39.  Even assuming plaintiff served these requests on July 20, 2015, they are untimely because

15   discovery closed on April 10, 2015, and discovery requests were to be served no later than

16   February 9, 2015.  ECF No. 19 at 5.  Moreover, the request for production appears to seek

17   documents defendants are already obligated to produce in response to Requests for Production

18   Nos. 2-4 of plaintiff's first request for production.  ECF No. 39 at 2.

19           Plaintiff argues that the requests are not untimely because they relate back to his motion to

20   compel (ECF No. 29), which was deemed timely by the court (ECF No. 30).  ECF No. 41 at 2.

21   Plaintiff, however, misunderstands the purpose of a motion to compel.  The purpose of a motion

22   to compel is to compel a party to produce responses to discovery that has already been served.  It

23   is not an opportunity to submit additional requests.  The court's determination that plaintiff's

24   motion to compel was timely did not make his underlying discovery requests timely or re-open

_____

25   [4]  The court will not address the official information privilege objection other than to note that the
26   privilege does not attach to official information as a right; it is determined using a balancing test
     after the party asserting privilege submits a privilege log and affidavit from an official of the
27   agency addressing certain concerns.  Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th
     Cir. 1990); Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995).

28

1    the period for discovery.

2           The court will construe the supplemental motion to compel as a request to re-open

3    discovery, and deny it because plaintiff has not shown good cause for re-opening discovery.

4           D.      Conclusion

5           Defendants' supplemental responses to the requests for admissions are sufficient and no

6    further responses will be required, with the exception of the supplemental information to be

7    provided in response to Requests for Production 3 and 4.  Although the court finds that sufficient

8    responses have now been provided, defendants' conduct in responding to plaintiff's discovery

9    requests boarders on obstructionist and defendants and their counsel are cautioned to avoid

10   similar such conduct in the future.  Plaintiff's supplemental motion to compel, which the court

11   construes as a motion to re-open discovery, is denied.

12          IV.     Request to Stay Discovery

13          In their response to the motion to compel, defendants requested that if the court deemed

14   plaintiff's April 5, 2015 Interrogatories and April 14, 2015 Requests for Production timely, that

15   their time to respond be stayed pending resolution of their motion for partial summary judgment.

16   ECF No. 32 at 11-12.  Since plaintiff's additional discovery requests were found to be untimely,

17   defendants' request is denied as moot.

18          V.      Summary

19          Plaintiff's motion to compel responses to his April 5, 2015 Interrogatories and April 14,

20   2015 Requests for Production is denied because those requests were served too late.  Plaintiff's

21   motion to compel additional responses to his February 2, 2015 Requests for Admissions is denied

22   because defendants made good objections and have responded to the requests.  Plaintiff's request

23   to compel further responses to his first Request for Production is granted only as to Requests Nos.

24   3 and 4.  Defendants will be required to provide supplemental information to clarify whether an

25   incident package was created and to explain what steps they took to locate the video and what

26   happened to the video.  The motion is denied as to all other requests for production.

27          Defendants' will not be required to respond to plaintiff's additional discovery requests

28   because they are late and plaintiff has not explained why the court should re-open discovery.

                                              14

1    Because defendants are not required to respond to the additional request, their request to stay

2    discovery is denied as moot.

3            Accordingly, IT IS HEREBY ORDERED that:

4            1.  Plaintiff's motion to compel (ECF No. 29) is granted to the extent defendants must

5    provide supplemental responses to Requests for Production Nos. 3 and 4 as set forth in Section

6    III.B.4. above.  The motion is denied in all other respects.

7            2.  Plaintiff's supplemental motion to compel (ECF No. 39), which the court construes as

8    a motion to re-open discovery, is denied.

9            3.  Defendants' request to stay discovery (ECF No. 32) is denied as moot.

10   DATED: March 25, 2016

11

12                                                  ALLISON CLAIRE
                                                    UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28