UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAVOUGUE A. MASON, | No. 2:14-cv-1041 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| M.L. MARTINEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are plaintiff's motions for appointment of counsel (ECF No. 52) and for a pretrial conference (ECF No. 53).

I.    Motion for Appointment of Counsel

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965,

1

1    970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden
2    of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to
3    most prisoners, such as lack of legal education and limited law library access, do not establish
4    exceptional circumstances that would warrant a request for voluntary assistance of counsel.

5    　　　Plaintiff requests counsel on the grounds that his imprisonment limits his ability to litigate
6    and he has limited legal knowledge.  ECF No. 52.  These are circumstances common to most
7    prisoners and do not constitute exceptional circumstances warranting appointment of counsel.

8    　　　Plaintiff also states that he will require the assistance of an attorney at trial and that he has
9    been transferred and therefore has access to only two of his witnesses.  Id.  However, it has not
10   yet been determined whether this case will proceed to trial.  Any request for counsel based on the
11   need for assistance at trial is therefore premature.  Moreover, since the court does not make
12   credibility determinations at the summary judgment stage, plaintiff does not require the
13   corroborating testimony of witnesses to the alleged excessive use of force to defend against a
14   motion for summary judgment.  Plaintiff is able to testify to the use of force based upon his own
15   personal knowledge and therefore does not require the assistance of an attorney to contact
16   witnesses at this stage.

17   　　　Finally, plaintiff argues that the court's recent partial denial of defendants' motion for
18   summary judgment establishes that his case has merit.  Id.  The motion for summary judgment
19   was based on failure to exhaust administrative remedies.  ECF No. 22.  The court found only that
20   plaintiff had exhausted his administrative remedies as to some defendants.  ECF Nos. 42, 50.  It
21   did not make any determinations as to the merits of plaintiff's case.  Id.  The court is unable to
22   make any determinations as to plaintiff's likelihood of success on the merits at this stage and
23   plaintiff has shown himself capable of articulating his claims up to this point without the
24   assistance of an attorney.

25   　　　For these reasons, the court does not find that plaintiff has established exceptional
26   circumstances warranting the appointment of counsel and his motion will be denied without
27   prejudice.  Plaintiff may renew his motion if he survives merit-based summary judgment and this
28   case proceeds to trial.


## II. Motion for a Pretrial Conference

Plaintiff also requests that the court schedule a pretrial conference. ECF No. 53. As already stated, it has not been determined whether this case will proceed to trial. Therefore, a pretrial conference is premature at this stage. The parties have until May 27, 2016, to file merit-based motions for summary judgment. In the event that neither party files a motion for summary judgment or plaintiff survives a motion for summary judgment and this case proceeds to trial, the court will issue a scheduling order setting out the necessary pretrial and trial dates and deadlines.

## III. Summary

Plaintiff's motion for counsel is denied because plaintiff's conditions are similar to most other prisoners, it has not been decided that this case will go to trial, the court cannot determine plaintiff's likelihood of success on the merits right now, and plaintiff has been able to explain his claims without the help of an attorney up to this point. Plaintiff may file another motion for appointment of counsel if his claims make it through merit-based summary judgment.

Plaintiff's motion for a pretrial conference is denied as premature because it has not yet been decided that there will be a trial in this case. The parties still have time to file merit-based motions for summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 52) is denied without prejudice.

2. Plaintiff's motion for a pretrial conference (ECF No. 53) is denied as premature.

DATED: April 30, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE